IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01518–PAB–KMT

MARY MORAN,

    Plaintiff,

v.

HOME DEPOT U.S.A, INC., and
JOHN DOE,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendant Home Depot U.S.A., Inc.'s Unopposed Motion for Leave to File Amended Answer to Plaintff's [sic] Complaint." (Doc. No. 15, filed Oct. 9, 2012.) Defendant Home Depot's proposed Amended Answer seeks to add two additional affirmative defenses. For the following reasons, Home Depot's Motion is GRANTED.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The deadline for amending pleadings was set in the Scheduling Order for October 8, 2012. (Doc. No. 11, filed Sept. 6, 2012.) Because that date was a holiday, the court agrees with Home Depot that the deadline is properly considered to be October 9, 2012. As a consequence, Home Depot's Motion is timely. Otherwise, Plaintiff does not oppose Home Depot's Motion.[1]

Thus, there is no argument, and the court does not otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] In light of Plaintiff's non-opposition to Home Depot's Motion, the court directed Plaintiff to file a response to Home Depot's Motion, on or before October 17, 2012, advising whether she consented to Home Depot's proposed Amended Answer consistent with Fed. R. Civ. P. 15(a)(2). (Minute Order, Doc. No. 17, filed Oct. 11, 2012.) However, no response was filed by October 17, 2012, or any time after that date. Plaintiff is admonished for failing to comply with a court-ordered directive.

prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.

Therefore, it is

ORDERED that "Defendant Home Depot U.S.A., Inc.'s Unopposed Motion for Leave to File Amended Answer to Plaintff's [sic] Complaint" (Doc. No. 15) is GRANTED.  The Clerk of Court is directed to file Home Depot's Amended Answer (Doc. No. 15-1).

Dated this 23rd day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge